IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GIDEON SANDERS** § | |
| § | |
| § | |
| § | |
| **VS.** § | |
| § | Civil Action No._____ |
| § | |
| § | |
| § | |
| **CARBIS INC.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Gideon Sanders, hereinafter referred to as Plaintiff, complaining of Carbis referred to herein as Defendant, and for cause of action would show unto the Court the following:

### I. PARTIES

1. Plaintiff, Gideon Sanders, an individual whose address is 8127 Narrow Brookway, Houston, Texas 77016, brings this action. The last three digits of his Texas Driver's License number are 997. The last three digits of his social security number are 262.

2. Defendant, CARBIS is a South Carolina Corporation with its principal place of business in South Carolina.  It can be served through its registered agent in Texas:  CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

3.	The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the amount the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4.	Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III. FACTS

5.	Plaintiff was an employee of DOW Chemical Company (hereinafter referred to as "DOW") located in La Porte, Texas. On or about September 16, 2012, Plaintiff was working on DOW and standing on top of a platform manufactured by Defendant. The platform was erected approximately 20 feet above ground when the platform suddenly collapsed. Upon collapse, Plaintiff's body fell at a distance of 20 feet to the ground and caused Plaintiff to sustain serious and life-threatening injuries.

6.	Upon information and belief, Defendant designed, manufactured and/or supplied the platform. The purpose of the platform is to enable individuals to work at various heights without fall or injury. However, Defendant's platform was defective because it failed to keep the Plaintiff secure and safe as intended and/or before Defendant failed to warn the users that the platform would not operate as intended.

7.	Defendant failed to timely inspect and maintain the platform. Defendant also was slow to report the results of Defendant's inspections of the platform to DOW, recklessly and knowingly concealing maintenance issues for DOW and from Plaintiff.

## V. CAUSE OF ACTION

8.	Plaintiff incorporates the above paragraphs as if set forth fully below.

## COUNT 1-NEGLIGENCE

9. Defendant had the duty to ensure that its platform operated reasonably and prudently under ordinary care.

10. Defendant breached the duty of care by manufacturing a platform that failed to perform under ordinary care.

11. Defendant had the duty to inspect the platform regularly and to report the results of such inspections to DOW and thus Plaintiff. Defendant knowingly failed to inspect the platform on a regular basis and knowingly and recklessly failed to report maintenance issues relating to the platform to DOW and hence concealed maintenance problems from DOW and its employees such as Plaintiff.

12. Defendant's breach of duty approximately caused injury to Plaintiff, which resulted in the following general damages:

    a. physical pain and suffering;

    b. mental anguish;

    c. physical impairment and

    d. medical expenses

13. Plaintiff seeks damages within the jurisdictional limits of this Court exceeding $1,000,000.00 for all Plaintiff's claims.

14. <u>Exemplary damages.</u>  Plaintiff's economic injury resulted from Defendant's gross negligence, malice, or actual fraud, including Defendant's reckless and/or knowing concealment of maintenance problems with the platform which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## COUNT 2-VIOLATION OF TEXAS PRODUCTS LIABILITY CLAIM

15. Plaintiff brings claims against Defendant under the Texas Products Liability Act (TEX. CIV. PRAC. & REM.CODE §82.001, *et seq.*). Defendant designed, manufactured and/or supplied the defective platform that was used by Plaintiff and failed to operate as intended. Upon information and belief, the platform at issue was not substantially changed after it left Defendant's control. Further, the platform was in a defective condition, unreasonably dangerous to Plaintiff and everyone aboard it, and, Defendant as the designer, manufacturer and/or supplier of such, it strictly liable for the physical harm caused to Plaintiff. Plaintiff alleges that the platform was defective as manufactured and/or designed and this defect legally caused the collapse and resulting injuries to Plaintiff. Additionally, Defendant failed to warn the operators and/or lessees of the platform that it would not work as intended by, among other things, delaying safety inspections and maintenance problems of relating to the platform. Defendant also marketed the platform without warning of the dangers of the defective platform.

16. Plaintiff would also show that Defendant acted willingly, wantonly, maliciously, knowingly, and/or recklessly when it breached the duties owed to Plaintiff. Accordingly, Plaintiff also seeks an award of punitive damages.

## VI. JURY DEMAND

17. Plaintiff demands a jury trial.

## VII. PRAYER

18. For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

   a.   actual damages;

b. exemplary damages;

c. punitive damages

d. special damages;

e. past medical treatment and expenses;

f. special damages for future pain and suffering and future medical expenses;

g. past pain and suffering;

h. past mental anguish;

i. special damages for future mental anguish;

j. loss of affection;

k. past loss of consortium;

l. future damages for loss of consortium;

m. loss of enjoyment of life;

n. past loss of earnings of $18,000. Special damages for future loss of earnings;

o. past loss of earning capacity;

p. special damages for future loss of earning capacity;

q. prejudgment and postjudgment interest;

r. court costs and

s. all other relief to which Plaintiff is entitled.

       Respectfully submitted,

       **WOODFILL LAW FIRM, PC**


       */s/ Jared R. Woodfill*
       Jared Woodfill
       State Bar No. 00788715
       River Oaks Green
       3131 Eastside Street, Ste. 450
       Houston, TX 77098
       Telephone 713.751.3080
       Facsimile 713.751.3058
       jwoodfill@woodfilllaw.com
       **ATTORNEY FOR PLAINTIFF**